UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROGER GIFFORD, | No. 2:15-cv-01274-MCE-AC |
| Plaintiff, | |
| v. | ORDER |
| HORNBROOK COMMUNITY SERVICES DISTRICT, et al., | |
| Defendants. | |

      Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

      Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

      The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

1   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th

2   Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

3   indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

4   490 U.S. at 327.

5       A complaint, or portion thereof, should only be dismissed for failure to state a claim upon

6   which relief may be granted if it appears beyond a doubt that plaintiff can prove no set of facts in

7   support of the claim or claims that would entitle him to relief.  Hishon v. King & Spalding, 467

8   U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45–46 (1957)); Palmer v. Roosevelt

9   Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under

10  this standard, the court must accept as true the allegations of the complaint in question, Hospital

11  Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light

12  most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v.

13  McKeithen, 395 U.S. 411, 421 (1969).

14      The court finds that plaintiff's complaint does not contain a short and plain statement as

15  required by Federal Rule of Civil Procedure 8(a)(2).  Although the Federal Rules adopt a flexible

16  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

17  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff's

18  complaint is 114 pages long.  Such a lengthy complaint plainly does not comply with Federal

19  Rule 8(a)'s requirement of a "short and plain statement showing the plaintiff is entitled to relief."

20  See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1059 (9th Cir. 2011)

21  (citing McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) ("[T]he very prolixity of the

22  complaint made it difficult to determine just what circumstances were supposed to have given rise

23  to the various causes of action.")).

24      In addition, plaintiff's complaint is effectively un-answerable due to his use of "shotgun

25  pleading."  Shotgun pleadings are pleadings that overwhelm defendants with an unclear mass of

26  allegations and make it difficult or impossible for defendants to make informed responses to the

27  plaintiff's allegations.  They are unacceptable.  Federal pleading standards require that plaintiffs

28  give the defendants a clear statement about what the defendants allegedly did wrong.  See

Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008) ("Under Rule 8(a), the plaintiff must give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." (internal quotation marks omitted)).  One common type of shotgun pleading recites a collection of general allegations toward the beginning of the complaint, and then incorporates every antecedent allegation by reference into each count.  Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).  "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies."  Id.

This is exactly what plaintiff has done in his complaint.  While it is proper to generally allege in an introductory section background facts which are applicable to all claims, plaintiff's complaint includes claims that incorporate by reference 83 pages of factual allegations, regardless of their relevance.  ECF No. 1 at 84.  This approach is irreconcilable with Rule 8, and cannot be repeated on amendment if plaintiff wishes to state a claim.  The factual elements of the claims themselves must be concisely pled within each claim.

If plaintiff chooses to amend his complaint, aside from the curing the deficiencies noted above, he must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  As a model for drafting an amended complaint, plaintiff is directed to McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996).  There, the Ninth Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative, prolix, replete with redundancy, and largely irrelevant.  Id.  The Ninth Circuit observed in McHenry that the Federal Rules require a complaint to consist of "simple, concise, and direct" averments.  Id.  Plaintiff must distinguish among defendants and show particular claims against each one.  Plaintiff can do this by alleging in specific terms how each named defendant is involved and which claims or causes of action are relevant to which defendant.  Defendants may be grouped in meaningful ways, but claims vaguely referring to "defendants" are insufficient.  See McHenry, 84 F.3d at 1175.  Plaintiff must not provide evidentiary attachments to the complaint.[1]  Any amended complaint must also show that the

---

[1] While a complaint must contain specific allegations directed to specific defendants, it should not include evidentiary matters.

action is brought in the right place, that plaintiff is entitled to relief if his allegations are true, and the amended complaint must contain a request for particular relief. The amended complaint should contain separately numbered, clearly identified claims.

In addition, the allegations of the complaint must be set forth in sequentially numbered paragraphs, with each paragraph number being one greater than the one before, each paragraph having its own number, and no paragraph number being repeated anywhere in the complaint. Each paragraph should be limited "to a single set of circumstances" where possible. Fed. R. Civ. P. 10(b). Plaintiff must avoid excessive repetition of the same allegations. Plaintiff must avoid narrative and storytelling. That is, the complaint should not include every detail of what happened, nor recount the details of conversations (unless necessary to establish the claim), nor give a running account of plaintiff's hopes and thoughts. Rather, the amended complaint should contain only those facts needed to show how the defendant legally wronged the plaintiff.

Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis, ECF No. 2, is GRANTED;

2. Plaintiff's complaint, ECF No. 1, is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; plaintiff must file an original and two copies of

////

////

////

the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: September 21, 2015

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE