UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| ROGER GIFFORD, | No. 2:15-cv-01274-MCE-AC |
|---|---|
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| HORNBROOK COMMUNIITY SERVICES DISTRICT, et al., | |
| Defendants. | |

Plaintiff, proceeding in this action pro se and in forma pauperis, filed his first amended complaint on January 21, 2016, pursuant to the court's order. ECF No. 8. This proceeding was referred to this court by Local Rule 302(c)(21). The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227–28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

1

Federal Rule of Civil Procedure 8(a) requires that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." "A claim is the 'aggregate of operative facts which give rise to a right enforceable in the courts.'" Bautista v. Los Angeles Cty., 216 F.3d 837, 840 (9th Cir. 2000) (quoting Original Ballet Russe, Ltd. v. Ballet Theatre, Inc., 133 F.2d 187, 189 (2d Cir. 1943)). To comply with the Rule, a plaintiff must plead a short and plain statement of the elements of his or her claim, "identifying the transaction or occurrence giving rise to the claim and the elements of a prima facie case," which elements, of course, will vary depending on the species of claim being asserted. See Bautista, 216 F.3d at 840.

The court finds that plaintiff's amended complaint is so lengthy and given to tangents, minute details, legal conclusions, and other clutter that it is neither "short" nor "plain." Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts defendant engaged in that support plaintiff's claims. Id. "The court (and any defendant) should be able to read and understand Plaintiff's pleading within minutes." Clayburn v. Schirmer, No. CIV S-06-2182 ALA P, 2008 WL 564958, at *4 (E.D. Cal. Feb. 28, 2008) (citing McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996)).

Plaintiff's amended complaint is 143 single-spaced pages, replete with lengthy footnotes and narratives relating to his experiences with the Hornbrook Community Services District (HCSD), its board members, and others. Plaintiff's pleading would take days to decipher, not minutes, to the extent it is decipherable at all. It presents *thirty-four* purportedly separate claims. These claims do not include factual allegations supporting them. Instead, plaintiff makes ambiguous references to facts alleged earlier in his complaint. See, e.g., ECF No. 8 at 132 (incorporating by reference the "acts as complained of herein"). "The result is that each count is replete with factual allegations that could not possibly be material to that specific count, and that any allegations that are material are buried beneath innumerable pages of rambling irrelevancies." Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001). This form of pleading is called

1  "shotgun pleading," and as the court already warned plaintiff in its order dismissing his original
2  complaint, it is unacceptable.  ECF No. 3 at 2–3.

3        The court will also recommend that the dismissal of plaintiff's amended complaint be
4  without leave to amend.  Courts must grant leave to amend where justice so requires.  Fed. R.
5  Civ. P. 15(a).  A district court, however, may in its discretion deny leave to amend "due to 'undue
6  delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies
7  by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance
8  of the amendment, [and] futility of amendment.'"  Leadsinger, Inc. v. BMG Music Publ'g, 512
9  F.3d 522, 532 (9th Cir. 2008).  District courts have particularly broad discretion to dismiss
10 without leave to amend where a plaintiff has amended once already.  See Zucco Partners, LLC v.
11 Digimarc Corp., 552 F.3d 981, 1007 (9th Cir. 2009), as amended (Feb. 10, 2009).

12       Plaintiff has already been given one chance to amend his complaint with detailed
13 instructions by the court.  Those instructions included very specific warnings (1) to make his
14 amended complaint brief, and (2) not to engage in shotgun pleading.  ECF No. 3 at 2–3.  Plaintiff
15 has completely disregarded these directions in amending the complaint.  Moreover, if that were
16 not enough, the court's October 23, 2015, order granting plaintiff's an extension of time *again*
17 warned him that "in order to satisfy Rule 8 his complaint must contain a **short** and **plain**
18 statement showing he is entitled to relief."  ECF No. 5.  Nevertheless, he has submitted an
19 amended complaint that does not improve upon his previous complaint.  Accordingly, the court
20 will recommend that plaintiff's amended complaint be dismissed without leave to amend because
21 leave to amend would be futile.

22       In accordance with the above, THE COURT HEREBY RECOMMENDS that plaintiff's
23 amended complaint, ECF No. 8, be dismissed without leave to amend.

24       These findings and recommendations are submitted to the United States District Judge
25 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one (21)
26 days after being served with these findings and recommendations, plaintiff may file written
27 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
28 Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

1  specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2  F.2d 1153 (9th Cir. 1991).
3  DATED: January 26, 2016

_/s/ Allison Claire_
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE